UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
EDGAR WILSON,                                    :
               Petitioner,      :
v.                                               :          **ORDER ADOPTING REPORT**
                               :          **AND RECOMMENDATION**
WARDEN, SULLIVAN CORRECTIONAL      :
FACILITY,                                        :          22 CV 701 (VB)
                               :
               Respondent.      :
--------------------------------------------------------------x

Briccetti, J:

       Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation (the "R&R") dated March 27, 2023, regarding Edgar Wilson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. #17).  Judge Davison recommended that the Court deny the petition.  Petitioner, through counsel, has filed timely objections.  (Doc. #22).

       For the following reasons, the Court OVERRULES the objections and adopts the R&R as the opinion of the Court.  Accordingly, the petition is DENIED.

       The Court presumes the parties' familiarity with the factual and procedural background of this case.

## DISCUSSION

I.     Standard of Review

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28

U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C).  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).  The clearly erroneous standard also applies when a party makes only conclusory or general objections or only reiterates his original arguments.  Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show, in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established Federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1), (2). The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).[1]  Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to

---

[1]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

comply with state procedural rules, or that he is actually innocent. <u>Clark v. Perez</u>, 510 F.3d 382, 391–93 (2d Cir. 2008).  Finally, a petitioner's unexhausted claims can be denied on their merits under a <u>de novo</u> standard of review. 28 U.S.C. § 2254(b)(2); <u>see</u> <u>Abuzaid v. Mattox</u>, 726 F.3d 311, 321–22 (2d Cir. 2013).

II.      <u>Petitioner's Objections</u>

Petitioner raises several objections to the R&R, none of which has merit.

A.      <u>Procedurally Defaulted Claims</u>

First, contrary to the magistrate judge's determination, petitioner argues his application for leave to appeal his conviction to the New York State Court of Appeals sufficiently informed that court that petitioner sought review of all issues presented to the Appellate Division, including those raised in his counseled brief.

The Court disagrees.

Here, petitioner's submissions to the Court of Appeals specify that the issues raised in petitioner's <u>pro se</u> supplemental submission to the Appellate Division are the issues for review on appeal.  Neither petitioner's leave application nor his supplemental letter suggests that he sought review of the claims presented in his counseled brief to the Appellate Division.

Because petitioner so clearly enumerated the issues on which he sought Court of Appeals review, his statement in the leave application that he seeks leave to "appeal[ ] from the Appellate Division's, May 27th, 2020 DECISION & ORDER" was not sufficient to apprise the Court of Appeals that petitioner sought review of all issues presented to the Appellate Division, including those not referenced in his submissions.  <u>See</u> <u>Jordan v. Lefevre</u>, 206 F.3d 196, 198 (2d Cir. 2000) ("Arguing a single claim at length and making only passing reference to possible other claims to

be found in the attached briefs does not fairly apprise the state court of those remaining claims.").

Thus, the claims in petitioner's counseled brief to the Appellate Division were not fairly presented for review by the Court of Appeals, and are therefore unexhausted.  However, as explained in the R&R, those claims are deemed exhausted but procedurally defaulted from federal habeas review.

Moreover, the Court agrees with Judge Davison that petitioner has failed to show cause for this procedural default and resulting prejudice, or that he is actually innocent, which would permit this Court to review these otherwise barred claims.

Accordingly, having reviewed petitioner's objection de novo, the Court adopts the R&R's recommendation that habeas relief on the following claims should be denied:  (1) the evidence presented at trial was legally insufficient to support the conviction, (2) the prosecutor made improper statements during his summation, (3) the sentence was excessive, and (4) petitioner's record-based claims that he received ineffective assistance of counsel.[2]

B.      Non-record-based Ineffective Assistance of Counsel Claims

Second, petitioner objects to Judge Davison's determination that petitioner's unexhausted ineffective assistance of counsel claims based on evidence outside the record are meritless. However, upon de novo review, the Court agrees with the magistrate judge that petitioner has failed to meet the high standard of demonstrating that he received constitutionally ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), and exercises its

---

[2]      Petitioner's habeas petition does not include a constitutionally ineffective assistance of counsel claim with respect to trial counsel's efforts to suppress the photo identification of petitioner.  Accordingly, this claim is not properly before the Court and provides no basis for challenging the R&R's recommendation.

discretion pursuant to Section 2254(b)(2) to deny this claim on the merits.

      C.      <u>Unsworn Witness Rule Claim</u>

Finally, petitioner objects to the magistrate judge's determination that petitioner did not fairly present his fifth claim for habeas relief—that the trial court failed to disqualify the prosecutor for violating the advocate witness, or unsworn witness, rule—to the state courts as a constitutional due process claim.

"The 'unsworn witness' rule is not a federal constitutional right, but rather a New York State rule." <u>Clemmons v. Lee</u>, 2021 WL 6750664, at *19 (S.D.N.Y. Oct. 28, 2021), <u>report and recommendation adopted</u>, 2022 WL 255737 (S.D.N.Y. Jan. 27, 2022).  Petitioner did not, in his <u>pro se</u> supplemental brief to the Appellate Division or his application for leave to appeal to the Court of Appeals, argue that these violations in any way deprived him of due process, allege "a pattern of facts that is well within the mainstream of constitutional litigation" to support his claim, or refer to federal or state cases employing constitutional due process analysis that would have alerted the Court of Appeals to such a constitutional basis for his claim.  <u>Daye v. Att'y Gen. of N.Y.</u>, 696 F.2d 186, 194 (2d Cir. 1982).

Therefore, petitioner's claim that the prosecutor should have been disqualified for violating the unsworn witness rule was insufficient to alert the state courts that petitioner was asserting a federal due process claim, and is thus unexhausted.  But, as the magistrate judge found, the claim is deemed exhausted because it is record-based and cannot be raised again in state court.  And the Court agrees with Judge Davison that petitioner has failed to show cause for this procedural default and resulting prejudice, or that he is actually innocent, such that the Court cannot grant habeas relief on this ground.

Accordingly, upon de novo review, petitioner's objection must be overruled.

**CONCLUSION**

Having carefully reviewed Magistrate Judge Davison's thorough and well-reasoned R&R, petitioner's objections, and the underlying record, the Court finds no error, clear or otherwise.  Therefore, petitioner's objections are OVERRULED, the R&R is adopted in its entirety as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is directed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: August 14, 2023
       White Plains, NY

                        SO ORDERED:

                        _____
                        Vincent L. Briccetti
                        United States District Judge